UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN SHEFFER,         )
      Plaintiff,           )
                         )     No. 1:19-cv-804
v.                          )
                         )     Honorable Paul L. Maloney
COMMISSIONER OF        )
SOCIAL SECURITY,        )
      Defendant.        )
                         )

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip J. Green, United States Magistrate

Judge, who issued a Report and Recommendation ("R&R") on May 28, 2020 (ECF No. 14).

The R&R recommends affirming the Commissioner's decision denying benefits. Plaintiff

Robert Sheffer timely filed an objection (ECF No. 15); the Commissioner timely responded

(ECF No. 16).

Plaintiff is entitled to de novo review on the portions of the **R & R** for which he has

articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "objections to

magistrate judges' reports and recommendations are not meant to be simply a vehicle to

rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL

1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, No. 1:11-cv-

334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). And similarly, the Court is not

obligated to address objections that do not identify specific errors in the magistrate judge's

proposed recommendations. *Id.*

This Court's review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial legal evidence. *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). "This Court may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In his objection, Plaintiff argues that substantial evidence supported a finding that his depression and anxiety affected his ability to function, and that substantial evidence supported a finding that his residual functional capacity was lower than the ALJ determined it to be. Thus, in both of his remaining objections,[1] Plaintiff argues that the ALJ and the magistrate judge failed to properly consider or weigh pieces of evidence. It is not this Court's place to reweigh or reconsider the evidence, nor is it this Court's place to disturb the ALJ's findings unless Plaintiff shows that those findings were not supported by substantial evidence. Plaintiff has not attempted to make this showing: He argues that some evidence exists that is contrary to the ALJ's conclusion, but he does not argue that the evidence supporting the ALJ's findings was not substantial. The ALJ's finding can be supported by substantial evidence even if some contrary evidence exists. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Therefore, Sheffer's objections are legally insufficient, and this Court need not engage in any further review. Given that there are no errors in the magistrate judge's analysis, the Court overrules the objection. Accordingly,

---

[1] Plaintiff brought a third objection, but he has since dropped that objection (*see generally* ECF No. 17).

**IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation (ECF No. 14) as the Opinion of the Court, **OVERRULES** Sheffer's objection (ECF No. 15), and **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff. Judgment to follow.

**IT IS SO ORDERED.**

**Date:**  January 15, 2021                    /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge

3